The Honorable Ed Wilkinson State Representative P.O. Box 610 Greenwood, AR 72936
Dear Representative Wilkinson:
This is in response to your request for an opinion regarding A.C.A. §14-59-116 (1987), which governs the semiannual publication of municipal financial statements. Your specific questions are as follows:
 Whether the municipalities must publish in the closest newspaper to the city which can run legals; and what if the newspaper is outside the county?
I am somewhat uncertain, as an initial matter, regarding the reference in your first question to the "closest newspaper to the city. . . ." The key inquiry under A.C.A. § 14-59-116 is whether the newspaper is a "legal newspaper of general circulation in the municipality. . . ." This Code section states in relevant part as follows:
 The governing body of each municipality shall, semiannually, cause to be published one (1) time in one (1) legal newspaper of general circulation in the municipality a financial statement of the municipality, including the receipts and expenditures for that period and a statement of the indebtedness and financial condition of the municipality.
A.C.A. § 14-59-116(a)(1) (1987).
The fact that the newspaper is not actually published or printed in or near the municipality is irrelevant under this Code provision.[1]
Please note that I have enclosed for your convenience two opinions previously issued by this office (Ops. Att'y Gen. 95-037 and 90-134), which address the general requirements for a newspaper to be classified as a "legal newspaper" with a general circulation in the relevant geographic area. As noted above, there is no requirement under §14-59-116 that the paper be published or printed in the municipality; nor is proximity to the municipality a relevant consideration, assuming that by "the closest newspaper to the city" you mean "closest" in terms of where the paper is actually published or printed.
With regard to your second question, the fact that the newspaper is actually published or printed outside the county will not, in my opinion, be dispositive as long as the paper is a "legal newspaper of general circulation in the municipality."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] This statute is distinguishable in this respect from A.C.A. §14-55-206, regarding the publication of municipal ordinances, which requires the publication to be in a newspaper "published" in the municipality. See Op. Att'y Gen. 95-227.